[The following opinions did not come into my hands in time for insertion in their chronological order, and are therefore presented in the form of a supplement.—REPORTER.]

## PETERSON v. ADAMSON ET AL.

1. **Negligence:** WANT OF SKILL IN AGENT: EVIDENCE UNDER ISSUES. Where plaintiff sought to recover damages suffered through the negligence or want of skill in defendant's agent, who had charge of the business in which the injury occurred, and his skill was put in issue, and plaintiff had offered evidence to prove his want of skill, *held* that it was error to refuse the defendant the opportunity to prove the agent's skill, notwithstanding such skill, if proved, would be no defense, if he was in fact careless in the particular act complained of.

2. **Evidence:** ERROR IN EXCLUDING: MATERIALITY MUST APPEAR. While this court cannot say that there was error in not allowing answers to questions, unless it is made to appear what facts were intended to be proved thereby, yet counsel need not state in terms what they expect to prove, if it sufficiently appears on the face of the record without such statement.

3. **Practice in Supreme Court:** STRIKING OUT AMENDED ABSTRACT. An amended abstract filed by appellant, made necessary on account of a change of the record in the trial court upon appellee's motion, cannot be stricken out, even though no service thereof was made on appellee.

*Appeal from Palo Alto District Court.*

SATURDAY, DECEMBER 5.

THE plaintiff seeks to recover damages of the defendants for the value of a mare which he alleges was killed by the negligence of the defendants. The defendants were the owners and keepers of a stallion, and the plaintiff contracted with them to serve said mare with said stallion, and plaintiff alleges that in attempting to do so the defendants negligently

allowed said stallion to improperly enter said mare, by reason of which she was so injured that she died soon afterward. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

*Soper, Crawford & Carr*, for appellants.

*T. W. Harrison* and *C. E. Cohoon*, for appellee.

ROTHROCK, CH. J.—The defendants' stallion was not in their care nor under their control. He was attended by one Donald Black, who had him in charge for the season.

**1. NEGLI- GENCE: want of skill in agent: evi- dence under issues.** It appears that Black made contracts with the owners of mares for the service of the stallion, and he was in immediate charge of the horse at the time plaintiff's mare was injured. The defendants denied that they or their agent in charge of said stallion were guilty of any negligence, carelessness or want of care or skill, in handling said stallion while serving said mare.

The plaintiff, in his reply, alleged "that it requires skill and care to properly attend a stallion" and that defendants were negligent in not furnishing a suitable and skillful person to attend to said stallion. The plaintiff, to sustain the issues on his part, was asked the following question by his counsel: "State what kind of a person it requires to handle and care for a stallion of this kind in making service of mares." The question was objected to by defendants, but the objection was overruled, and the plaintiff answered: "Well, I should think it ought to be a good man; it hadn't ought to be a lame fellow and a cripple." The court instructed the jury upon the issue as follows: "It was the duty of the defendants to employ, in the management of the stallion, a man of such ability and skill to perform such labor in such a manner as like services are usually done by a man of ordinary prudence and care in like business." Black, the keeper of the stallion, testified in behalf of the defendants that he had thirty years'

experience in caring for and attending stallions, and defendants called two witnesses, both of whom testified that they had large experience in attending upon and managing stallions. One of these witnesses was the owner of a barn at which Black kept the stallion. This witness was asked the following question: "State what, if anything, you know of the skill and experience pursued by the said Black in the business of grooming and handling stallions." The other witnesses were asked these questions: "State if you saw much of Black's manner of handling a horse, manner of trying and covering a mare, last season." "State if you know what experience or skill Black had in attending a stallion while trying and serving a mare." All of these questions were objected to by the plaintiff as incompent and immaterial, and the objections were sustained.

We think it is very plain that under the issue made in the pleadings and recognized in the instructions, and in view of the evidence introduced by the plaintiff bearing upon the want of skill possessed by Black, the court erred in refusing to allow the defendants to prove that he possessed the requisite skill. It is correct, as argued by counsel for appellee, that, even if he was skillful in his calling, yet if in the instance in question he did not exercise skill, but was negligent, the fact that he was skillful was no defense. But his general want of skill was directly put in issue, and as plaintiff insisted on proving his want thereof, the defendants should have been permitted to rebut the allegation and proof if they could do so. It is urged that the appellants cannot

2. EVIDENCE: error in excluding: materiality must appear. be heard to complain of these rulings, because the record does not show what they expected to establish by answers to the questions. It was not necessary for defendants' counsel to state in terms that they expected to prove by the witnesses that Black possessed the required skill. The issues as made by the pleadings, the testimony of the witness Black, and the testimony of the two witnesses to whom the questions were propounded,

abundantly show that the defendants were endeavoring to establish the fact that Black was possessed of the proper skill and experience.

The plaintiff filed a motion in this court to strike out an amended abstract filed by appellants August 30, 1884. The motion will be overruled. The abstract was made necessary by reason of a motion made by appellee in the court below after the record was made up and the appeal taken. The record was thereby changed, and, to make the same complete in this court, an amended abstract was necessary. The fact that no service thereof was had on appellee does not authorize an order striking it from the files.

**3. PRACTICE in supreme court: striking out amended abstract.**

There are other questions presented by counsel for appellant which we need not determine. They are not such as will likely arise upon a new trial. For the error in excluding the evidence above referred to the judgment of the court below will be

REVERSED.